**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 12 2012, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JWAUN POINDEXTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1203-CR-213 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1101-MR-2482

**October 12, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Appellant-Defendant Jwaun Poindexter ("Poindexter") appeals his convictions for Murder, a felony,[1] and Attempted Robbery, as a Class A felony.[2] We affirm the Murder conviction; reverse the conviction for Attempted Robbery, as a Class A felony, and remand with instructions to the trial court to enter a judgment of conviction for Attempted Robbery as a Class C felony and sentence Poindexter accordingly.

**Issues**

Poindexter presents two issues for review:

I.      Whether there is sufficient evidence to support his convictions; and

II.     Whether Poindexter's conviction for Murder and the elevation of Attempted Robbery to a Class A felony were based upon the same evidence and therefore violate the Double Jeopardy provisions of the Indiana Constitution.

**Facts and Procedural History**

On December 16, 2010, Poindexter called Landon Canady ("Canady")[3] to say that he knew where he and Canady could "get some money and some weed easily." (Tr. 272.) That same day, Poindexter's girlfriend, Tae-Rell Ewing ("Ewing"), called her long-time friend, Jasmine White ("White"), to ask if she and Poindexter could come over to White's apartment to visit.

Once Ewing and Poindexter arrived at the apartment, they began to play cards with

---

[1] Ind. Code § 35-42-1-1.

[2] Ind. Code §§ 35-42-5-1, 35-41-5-1.

[3] Canady was a friend or acquaintance of Poindexter, and was dating Poindexter's cousin.

White. However, Poindexter left after one hand. Ewing remained in the apartment with White, White's infant twins, Sahreya Patrick ("Patrick") and Patrick's infant niece. Several other guests arrived at White's apartment: Kailuv Chew ("Chew"), Camisha Williams ("Williams"), Jordan Cole ("Cole"), and Cesar Rodezno ("Rodezno").

Meanwhile, Poindexter met with Canady, Cameron Moore ("Moore"), and Donte Carter ("Carter") in a parking lot across the street from White's apartment complex. Poindexter pointed out White's building and advised Canady, Moore, and Carter as to which door they were to use. He also instructed the group not to bother his "baby mama" once inside the apartment. (Tr. 226.) Poindexter then returned to White's apartment, leaving the door unlocked.

Shortly after Poindexter's return, Canady, Moore, and Carter burst into White's apartment. Carter pulled a gun and pointed it at some of the people gathered there. He ordered the crowd, "this ain't a joke, don't move." (Tr. 76.) Cole was required to get down on the floor and surrender his cell phone. When Patrick moved to get her niece, one of the men ordered her to "sit the f--- down." (Tr. 77.) At some point when the would-be robbers' attention was diverted, Rodezno ran out the door.

Carter, Canady, and Moore chased after Rodezno. Soon, the women back in the apartment heard a gunshot. Carter, Canady, and Moore returned to their vehicle, where Canady's girlfriend waited behind the wheel. As the group drove away, Canady and Moore berated Carter and demanded to know why he had shot Rodezno.

White locked the door and called the police. Poindexter seemed upset, displayed a

3

silver gun, and said that he was going to go look for the robbers. He was gone for about five minutes and when he returned, he had Rodezno's hat.

When the police arrived, they found Rodezno dead of a gunshot wound to the back. Police briefly interviewed Poindexter, who seemed reluctant to talk and eager to leave. However, he stated that he would try to find out who the robbers were, and he provided officers with a telephone number that later proved incorrect. Once a correct number for Poindexter was obtained, telephone records showed numerous calls between Poindexter and Canady on that day.

On January 12, 2011, Poindexter was charged with Murder and Attempted Robbery, as a Class A felony. On January 10, 2012, a jury found Poindexter guilty as charged. He received concurrent sentences of fifty years for Murder and thirty years for Attempted Robbery. He now appeals.

**Discussion and Decision**

I. Sufficiency of the Evidence

Indiana Code Section 35-42-5-1 provides that a person "who knowingly or intentionally takes property from another person … by using or threatening the use of force on any person … commits robbery[.]" Indiana Code Section 35-42-1-1(2) provides that a person who "kills another human being while committing or attempting to commit … robbery … commits murder, a felony." An accomplice is criminally liable for all acts committed by a confederate which are a probable and natural consequence of their concerted action. Alvies v. State, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009).

4

In order to convict Poindexter of Murder, as charged, the State was required to prove beyond a reasonable doubt that he, acting in concert with Canady, Moore and Carter, killed Rodezno, while committing or attempting to commit the crime of Robbery. I.C. § 35-42-1-1, App. 149-50. In order to convict Poindexter of Attempted Robbery, as charged, the State was required to prove beyond a reasonable doubt that Poindexter, acting in concert with Canady, Moore, and Carter, with the culpability required for commission of the crime, took a substantial step toward the robbery of White, Chew, Williams, Cole, Patrick, Ewing, and Rodezno. I.C. §§ 35-42-5-1, 35-41-5-1, App. 150. In order to elevate the offense from a Class C felony to a Class A felony, the State alleged that the attempted robbery "resulted in serious bodily injury, that is: gunshot wound resulting in the death of Cesar Rodezno." (App. 150.)

Poindexter concedes the State established that crimes of Murder and Attempted Robbery were committed; however, he denies there is sufficient proof of his participation. More specifically, he argues that the evidence showed only that he gave information to facilitate a marijuana sale. He further contends that, because Attempted Robbery is the predicate offense for the felony murder conviction, the murder conviction is based upon insufficient evidence.

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and the reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). In so doing, we do not assess witness credibility or reweigh the evidence. Id. We will affirm the conviction unless no

5

reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. Id.

Proof of mere presence at the scene of a crime or the failure to oppose a crime is insufficient to establish accomplice liability. Brooks v. State, 895 N.E.2d 130, 133 (Ind. Ct. App. 2008). However companionship with another person engaged in the commission of the crime and a course of conduct before and after the offense are circumstances which may be considered. Garland v. State, 788 N.E.2d 425, 431 (Ind. 2003).

Here, the State presented evidence that Poindexter called Canady with information as to where he and Canady could "get money and weed easily." (Tr. 267.) Poindexter met with Canady, Moore, and Carter in a parking lot across from White's apartment, and pointed out White's building and the particular entrance to be used. He advised that money and drugs were located in the bathroom. When Poindexter returned to White's apartment, he left the door unlocked, contrary to White's house rule. He was in possession of a handgun. He gave false information to investigating officers and later attempted to solicit a fellow inmate to act as a false alibi witness. There is sufficient evidence from which the fact-finder could conclude that Poindexter knowingly participated in the attempted robbery, which resulted in Rodezno's death.

## II. Double Jeopardy

Poindexter contends that his convictions for both Murder and Attempted Robbery resulting in serious bodily injury, a Class A felony, violate the prohibition against double jeopardy. The double jeopardy clause of the Indiana Constitution provides, "No person shall

6

be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. Our Indiana Supreme Court has held that two or more offenses are the "same offense" in violation of Indiana's double jeopardy clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999).

Aside from the constitutional actual evidence test, our Indiana Supreme Court has identified five common law or statutory double jeopardy categories: (1) conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished, (2) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished, (3) conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished, (4) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished, and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished. Guyton v. State, 771 N.E.2d 1141, 1143 (Ind. 2002). The fourth category is implicated here.

Poindexter was charged with and convicted of felony murder. The underlying felony was the attempted robbery of White, Chew, Williams, Cole, Patrick, Ewing, and Rodezno.

7

"[D]ouble jeopardy precludes sentencing on felony murder and robbery, where the felony murder conviction is predicated on the robbery." West v. State, 755 N.E.2d 173, 186 (Ind. 2001) (citing Richardson, 717 N.E.2d at 49). However, when the underlying offense is committed against separate victims, either will suffice as the predicate to felony murder, and the other survives to stand alone. Griffin v. State, 717 N.E.2d 73, 80 n.12 (Ind. 1999).

Here, there are several victims of the attempted robbery other than the deceased. Therefore, Poindexter could properly be convicted of multiple offenses. Nonetheless, the evidence of Rodezno's death was used both to show "serious bodily injury" to enhance Poindexter's Attempted Robbery offense to a Class A felony and to prove the felony murder. "Where a robbery conviction is elevated to a Class A felony based on the same serious bodily injury that forms the basis of a murder conviction, the two cannot stand." Spears v. State, 735 N.E.2d 1161, 1164-65 (Ind. 2000).

Here, too, there was no instruction on the use of a deadly weapon, which could have elevated the Class C felony to a Class B felony. See I.C. § 35-42-5-1 (providing that robbery is a Class B felony if it is committed while armed with a deadly weapon). Where there is no instruction on this statutory provision, the proper remedy to cure an improper enhancement is reduction to a Class C felony. Owens v. State, 897 N.E.2d 537, 540 (Ind. Ct. App. 2008) (citing Spears, 735 N.E.2d at 1165 n.2). As the State concedes, Poindexter's Class A felony conviction for Attempted Robbery should be vacated. We remand with instructions to the trial court to enter judgment on that count as a Class C felony and resentence Poindexter accordingly.

## Conclusion

There is sufficient evidence to support Poindexter's convictions. Due to double jeopardy concerns, his conviction for Attempted Robbery must be reduced from a Class A felony to a Class C felony.

Affirmed in part; reversed in part; remanded with instructions.

RILEY, J., and CRONE, J., concur.