**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RICHARD WALKER**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DARIUS HARDIMAN, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No. 48A02-1311-CR-936 |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48C06-1303-FA-571

**September 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Darius Hardiman was convicted of Class A felony attempted murder,[1] Class A felony robbery resulting in serious bodily injury,[2] and Class D felony dealing in marijuana.[3] The court sentenced him to fifty years for attempted murder, fifty years for robbery, and three years for dealing marijuana,[4] with all sentences to be served concurrently. Hardiman raises two issues on appeal:

1.   Whether his convictions of attempted murder and Class A felony robbery subjected him to double jeopardy; and

2.   Whether his sentence is inappropriate.

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On March 17, 2013, during the sale of a pound of marijuana in Anderson, Indiana, Hardiman shot Antonio McMullen twice. The second shot was to the back of the head while McMullen was on the ground. McMullen was taken to a hospital where a CT scan showed two bullet fragments lodged in the back of his skull. They were not removed. He currently suffers from vision problems and migraines.

A jury found Hardiman guilty of attempted murder, robbery resulting in serious bodily injury, and dealing in marijuana. At the sentencing hearing, the trial court found as aggravating circumstances Hardiman's multiple offenses and history of criminal and

---

[1] Ind. Code § 35-42-1-1 (murder); Ind. Code § 35-41-5-1 (attempt).
[2] Ind. Code § 35-42-5-1.
[3] Ind. Code § 35-48-4-10.
[4] The advisory sentence for the Class A felonies was thirty years. Ind. Code § 35-50-2-4.

2

delinquent activity. It found Hardiman's youth and upbringing were modest mitigating circumstances.

## DISCUSSION AND DECISION

1.  Double Jeopardy

Hardiman argues his convictions of Class A felony attempted murder and Class A felony robbery subjected him to double jeopardy, and the State concedes they did. At the time of Hardiman's offense, robbery was a Class C felony, but could be enhanced to a Class B felony if committed while armed with a deadly weapon or resulting in bodily injury, and to a Class A felony if it resulted in serious bodily injury. *Owens v. State*, 897 N.E.2d 537, 539 (Ind. Ct. App. 2008) (citing Ind. Code § 35-42-5-1). The injury used to enhance Hardiman's robbery conviction was the same as that used to support the attempted murder conviction.

Hardiman asks that his conviction of robbery be reduced to a Class C felony, but the State contends his conviction should be reduced to only Class B felony robbery. The State is correct. Hardiman was charged not only with inflicting bodily injury but also with committing the robbery while armed with a deadly weapon. The jury found Hardiman guilty of Class A felony robbery after being instructed that to do so, it must find the robbery resulted in serious bodily injury "*and* was committed by means of a deadly weapon."[5] (App. at 118) (emphasis added). The jury therefore must have found Hardiman committed the

---

[5] That instruction appears incorrect to the extent it required the jury to find both serious bodily injury and use of a deadly weapon. At the time Hardiman committed his offense, Class A felony robbery required only "serious bodily injury." Ind. Code § 35-42-5-1. It did not require use of a deadly weapon. The statute explicitly provided the offense was a Class B felony if committed while armed with a deadly weapon *or* resulted in bodily injury.

robbery while armed with a deadly weapon. We accordingly vacate Hardiman's Class A felony robbery conviction and remand so the trial court may reduce Hardiman's robbery conviction to a Class B felony and resentence him accordingly.

2.      Inappropriate Sentence

Hardiman contends his fifty-year sentence is inappropriate in light of his character and the nature of his offense. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The burden is on the defendant to persuade us that his sentence is inappropriate. *Id.*

Hardiman concentrates on his character, asserting:

> Hardiman was only twenty-one (21) years of age when he was sentenced. He only attained the sixth grade of education and never attained a GED. He spent time as a patient at Southwestern Indiana Mental Health Center. He lived with foster parents during some periods of his upbringing and he had no significant father involvement. He suffered from a history of substance abuse.

(Br. of Appellant at 15.)

That evidence does not require a reduction in his sentence. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in

4

assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Hardiman had juvenile adjudications and an adult criminal history. He was placed on juvenile probation in 2006 for an act that would be criminal mischief if committed by an adult. He violated his probation and was sent to secure detention. He was found delinquent in 2007 for what would have been Class D felony theft if committed by an adult. As an adult, his offenses became more serious. He was convicted of armed robbery in July of 2010 and was on probation when the instant offense occurred. Hardiman's character does not warrant a reduction in his sentence.[6]

Affirmed in part, reversed in part, and remanded.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

---

[6] As Hardiman has not demonstrated his sentence is inappropriate based on his character, we need not address the nature of his offense. *See*, *e.g.*, *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character).