## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2019, 7:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Appellate Division
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Richard Kochopolous,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 8, 2019<br><br>Court of Appeals Case No.<br>18A-CR-3158<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Samuel L. Cappas, Judge<br><br>Trial Court Cause No.<br>45G04-1609-F5-93 |

**Crone, Judge.**

# Case Summary

Following a bench trial, John Richard Kochopolous appeals his eight-and-one-half-year sentence for level 5 felony operating a motor vehicle after forfeiture of license for life, level 6 felony operating a vehicle while intoxicated resulting in serious bodily injury, and level 6 felony leaving the scene of an accident resulting in serious bodily injury. Kochopolous asserts that the trial court erred by finding "derivative" aggravators and by considering his lack of remorse as an aggravating circumstance. Kochopolous contends, and the State agrees, that his level 6 felony convictions violate double jeopardy principles. We find no reversible error in the trial court's finding of aggravators, but we reverse and remand with instructions to reduce Kochopolous's conviction for level 6 felony leaving the scene of an accident resulting in serious bodily injury to a class B misdemeanor and for resentencing on that count.

# Facts and Procedural History

On September 24, 2016, Daniel Ridder and Michael Shelton were in Hammond with a group of friends to attend a sporting event at the Hammond Civic Center. While crossing the street on a crosswalk, Ridder and Shelton were struck by a silver minivan, which left the scene. Witnesses described the incident to police who, less than ten minutes later, pulled over a silver minivan that had a smashed-in windscreen that contained at least one victim's blood and hair. Kochopolous was the sole occupant of the vehicle when police pulled him over, approximately four blocks from his home. He exhibited several signs of

intoxication and admitted to police that he had at least a few beers that night before driving. Investigators determined that Kochopolous was driving while intoxicated at approximately twice the legal limit.

[3] The State charged Kochopolous with level 5 felony operating a motor vehicle after forfeiture of license for life, level 6 felony operating a vehicle while intoxicated resulting in serious bodily injury, level 6 felony leaving the scene of an accident resulting in serious bodily injury to Ridder, and class A misdemeanor leaving the scene of an accident resulting in bodily injury to Shelton. At his bench trial, Kochopolous testified that his next-door neighbor was driving his vehicle at the time of the accident and that he was the passenger. Kochopolous testified that only after his neighbor drove to another location and exited the vehicle, did he begin to drive the damaged minivan home when police stopped him.

[4] The trial court found Kochopolous guilty as charged. At sentencing, the trial court found Kochopolous's poor health and alcoholism as mitigators, and found fourteen aggravators, including Kochopolous's criminal history, his inability to obey the law, that he is a danger to community, and his lack of remorse. The trial court found that the aggravators "substantially" outweighed the mitigators. Tr. Vol. 4 at 170. The trial court merged the class A misdemeanor conviction with the level 6 felony leaving the scene of an accident with serious bodily injury conviction. The trial court then sentenced Kochopolous to six years for the level 5 felony conviction, to be served consecutive to concurrent two-and-one-half-year sentences on the level 6 felony

convictions, for an aggregate sentence of eight and one-half years, all executed. This appeal followed.

# Discussion and Decision

## Section 1 – The trial court did not commit reversible error in finding aggravating circumstances.

Kochopolous contends that the trial court erred by finding several "derivative" aggravating circumstances and by finding his lack of remorse as an aggravator. "Generally speaking, sentencing decisions are left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of this discretion." *Singh v. State*, 40 N.E.3d 981, 987 (Ind. Ct. App. 2015), *trans. denied* (2016). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemeyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) (quotation marks omitted), *clarified on reh'g*, 875 N.E.2d 218. The finding of aggravating and mitigating circumstances rests within the trial court's discretion. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied* (2004). A trial court may abuse its discretion where it includes findings of aggravating and mitigating factors in its sentencing statement that are not supported by the record, or that are based on reasons that are improper as a matter of law. *Anglemeyer*, 868 N.E.2d at 490-91.

### 1.1 - The trial court did not abuse its discretion in finding "derivative" aggravating circumstances.

At the sentencing hearing, the trial court listed as an aggravator Kochopolous's multiple alcohol-related convictions. The trial court also listed as aggravators his inability to obey the drink-drive laws of Indiana and that he is a danger to the community because he is unable to address his alcoholism. Citing *Morgan v. State*, 829 N.E.2d 12, 17 (Ind. 2005), and *Neff v. State*, 849 N.E.2d 556, 560 (Ind. 2006), Kochopolous claims that these findings are "derivative" of his alcohol-related criminal history, and that they cannot serve as separate aggravating circumstances. Appellant's Br. at 11.

Both *Morgan* and *Neff*, however, were decided under Indiana's prior presumptive sentencing scheme; as such, Kochopolous's claim of error is unavailable because he was sentenced under the current advisory sentencing scheme. *McMahon v. State*, 856 N.E.2d 743, 751 n.8 (Ind. Ct. App. 2006). Consequently, we find no abuse of discretion.

### 1.2 - The trial court abused its discretion in finding Kochopolous's lack of remorse to be an aggravator, but this error is harmless.

Next, Kochopolous contends that the trial court abused its discretion in finding his lack of remorse as an aggravator. Kochopolous claims that he "simply asserted his innocence," and that the trial court "impermissibly penalized him for disputing his guilt." *Hollen v. State*, 740 N.E.2d 149, 158 (Ind. Ct. App. 1999), *opinion adopted by* 761 N.E.2d 398 (Ind. 2002). After a review of the

record, we believe that the trial court has improperly equated Kochopolous's maintenance of innocence with a lack of remorse.

[9] A trial court may consider a defendant's lack of remorse as an aggravator, which typically manifests where a defendant displays "disdain or recalcitrance." *Sloan v. State*, 16 N.E.3d 1018, 1027 (Ind. Ct. App. 2014). "This is distinguished from the right to maintain one's innocence . . . ." *Id.* As such, a trial court may not consider lack of remorse as an aggravator where a defendant "consistently maintain[s] his innocence if [done] so in good faith." *Id.* This court has addressed the difficult issue involving the denial of guilt being applied as an aggravator multiple times. *See, e.g.*, *Sloan*, 16 N.E.3d 1018; *Kien v. State*, 782 N.E.2d 398 (Ind. Ct. App. 2003), *trans. denied*; *Cox v. State*, 780 N.E.2d 1150 (Ind. Ct. App. 2002); *Hollen,* 740 N.E.2d 149; *Bluck v. State*, 716 N.E.2d 507 (Ind. Ct. App. 1999).

[10] While a defendant has an absolute right to maintain his innocence throughout all criminal proceedings, lack of remorse may still be regarded as an aggravator. *Bluck*, 716 N.E.2d at 513. However, "[t]his court held that even though there was corroborating evidence of the defendant's guilt, it did not necessarily follow that the defense was maintained in bad faith and therefore subjected the defendant to an enhanced sentence." *Kien*, 782 N.E.2d at 412 (citing *Hollen*, 740 N.E.2d at 159). Indeed, to do so would endorse the proposition that any time a defendant maintained his innocence and lost, he would be subjected to an enhanced sentence. *Sloan*, 16 N.E.2d at 1028. As was the case in *Kien* and *Hollen*, we are faced with a defendant who has maintained his innocence

throughout all criminal proceedings where there was corroborating evidence as to his guilt.

[11] Throughout the proceedings, Kochopolous has claimed that he was not the driver when his minivan struck the two victims, even though he admitted to having drunk alcohol and then driving at some point after the collision. While a number of people witnessed Kochopolous's silver minivan strike the two victims, no witnesses and no direct evidence could place Kochopolous as the driver of the minivan at the time of the accident. There is plenty of circumstantial and physical evidence that points to Kochopolous's guilt, but "it is not so overwhelmingly condemning that we can say that [he] maintained his innocence in bad faith." *Kien*, 782 N.E.2d at 413.

[12] And while Kochopolous did not express any sorrow, concern, or remorse for the victims, "[t]here is no indication in the record that [Kochopolous's] assertion of his innocence under these circumstances was in bad faith *or* amounted to disdain or recalcitrance." *Hollen*, 740 N.E.2d at 159 (emphasis added). As such, the trial court abused its discretion in finding Kochopolous's lack of remorse to be an aggravator.

[13] However, "[a] single aggravating circumstance may be sufficient to enhance a sentence. When a trial court improperly applies an aggravator, but other valid aggravating circumstances exist, a sentence enhancement may still be upheld." *Baumholser v. State*, 62 N.E.3d 411, 417 (Ind. Ct. App. 2016) (quoting *Hackett v. State*, 716 N.E.2d 1273, 1278 (Ind. 1999)), *trans. denied* (2017). Given that

numerous other valid aggravators exist, and stand unchallenged, we find no need to remand for resentencing. *Anglemeyer*, 868 N.E.2d at 491.

## Section 2 – Kochopolous's two level 6 felony convictions violate double jeopardy principles.

[14] Kochopolous contends that his double jeopardy rights were violated when the trial court entered judgment of conviction and sentenced him for level 6 felony driving while intoxicated resulting in serious bodily injury and level 6 felony leaving the scene of an accident resulting in serious bodily injury because they are based on the same bodily injury. *See*, *e.g.*, *Owens v State*, 897 N.E.2d 537, 539 (Ind. Ct. App. 2008) (holding that defendant's convictions and sentences for murder and robbery resulting in serious bodily injury violated double jeopardy principles because they were based on the same bodily injury). The State properly concedes that both convictions cannot remain level 6 felonies.

[15] A reviewing court may remedy a double jeopardy violation by reducing either conviction to a less serious form of the same offense, if it will eliminate the violation, or by vacating one of the offending convictions. *Moala v. State*, 969 N.E.2d 1061, 1065 (Ind. Ct. App. 2015). "The reviewing court will make this determination itself, being mindful of the penal consequences that the trial court found appropriate." *D.J. v. State*, 88 N.E.3d 236, 241 (Ind. Ct. App. 2017) (quotation marks omitted). Here, reducing the level 6 felony conviction for leaving the scene of an accident resulting in serious bodily injury to class B misdemeanor leaving the scene of an accident will eliminate the double jeopardy violation. This also leaves intact the trial court's aggregate sentence of

eight and one-half years. We therefore reverse and remand with instructions to reduce the level 6 felony to a class B misdemeanor and for resentencing on that count. The trial court need not hold a sentencing hearing on remand.

[16] Affirmed in part, reversed in part, and remanded.


Bradford, J., and Tavitas, J., concur.