Joshua E. **SPEARS**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 49S00–9908–CR–430.

. Supreme Court of Indiana.

Oct. 6, 2000.

at 11.) Rather, the assertion made by the declarant was that she was *afraid* of being killed by Hatcher.

Kathleen M. Sweeney, Indianapolis, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Joshua E. Spears was convicted of murder, felony murder, conspiracy to commit robbery, and robbery as a Class A felony. The trial court merged the felony murder and the murder convictions and the conspiracy to commit robbery and the robbery convictions, and sentenced Spears to sixty-five years for murder to be served consecutively with fifty years for robbery. In this direct appeal, Spears contends that (1) the Indiana Double Jeopardy Clause requires that his Class A felony robbery conviction be reduced to a Class C felony, and (2) the trial court found an improper aggravating circumstance, failed to find significant mitigating circumstances supported by the record, and imposed a manifestly unreasonable sentence. We remand to the trial court with instructions to reduce the robbery conviction to a Class C felony and otherwise affirm the judgment of the trial court.

### Factual and Procedural Background

In August of 1998, Jeremy Gross was an employee of the Convenient Food Mart in Indianapolis. Gross planned to rob the store and invited Spears and James Learned to join him. Learned declined, but at approximately 2:40 a.m. on August 26, Spears and Gross approached the Convenient Mart where Christopher Beers was the sole employee on duty. The doors of the store were locked from 12:00 a.m. to 6:00 a.m., but Beers could allow people to enter by "buzzing" them in. Immediately after Beers allowed Gross and Spears to enter, Gross, who was following Spears, raised a handgun, shot Beers in the abdomen, and continued shooting at the fallen clerk as he walked behind the counter. Spears initially stood beside Gross when he opened fire but then ran to the video recorder serving four surveillance cam-

eras. When the eject button did not work, Spears took the entire VCR. Spears and Gross then grabbed $650 from the cash register, disabled the two telephones in the building, and fled. Beers followed outside and attempted to use the payphone. He managed to take the phone off the hook, but then collapsed on the sidewalk, where he died of multiple gunshot wounds.

Spears and Gross disposed of the VCR and gun in a nearby pond. They then went to Learned's trailer to count their money. Witnesses, including a passing motorist, led police to Gross, who later confessed and implicated Spears. Spears was charged with murder, felony murder, conspiracy to commit robbery, and robbery as a Class A felony.[1] A jury found him guilty of all counts. The trial court merged the felony murder and murder convictions, also merged the conspiracy to commit robbery and robbery convictions, and then sentenced Spears to sixty-five years for murder and fifty years for robbery, to be served consecutively.

### I. Double Jeopardy

 Spears contends that his dual convictions for murder and robbery as a Class A felony violate the Indiana Double Jeopardy Clause. He bases his claim on the "actual evidence test" enunciated by this Court in *Richardson v. State,* 717 N.E.2d 32 (Ind.1999). The Indiana Double Jeopardy Clause prohibits multiple convictions if there is "a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Richardson,* 717 N.E.2d at 53; *accord Wise v. State,* 719 N.E.2d 1192, 1201 (Ind.1999). Serious bodily injury differentiates the Class A felony from robbery as a Class C felony. Ind.Code § 35–42–5–1 (1998). Where a robbery conviction is elevated to a Class A felony based on the same serious bodily injury that forms the basis of a murder

---

1. Gross was charged with the same offenses and tried separately.

conviction, the two cannot stand. *Logan v. State*, 729 N.E.2d 125, 136–37 (Ind.2000); *Lowrimore v. State*, 728 N.E.2d 860, 868–69 (Ind.2000); *Chapman v. State*, 719 N.E.2d 1232, 1234 (Ind.1999); *Hampton v. State*, 719 N.E.2d 803, 808–09 (Ind.1999).

Here, the jury was instructed that to find Spears guilty of robbery as a Class A felony the State had to prove that he knowingly took property from another person by putting that person in fear or using or threatening the use of force and that serious bodily injury resulted to the other person. The State argues that Spears' claimed violation of the actual evidence test should fail because "the jury could have reasonably applied different evidence to support each offense." Specifically, the State points to the fact that Gross fired several shots at Beers. However, the charging information, which was read to the jury as part of the instructions, alleged that the serious bodily injury was the "death" of Christopher Beers. Moreover, no other serious bodily injury was asserted as a basis for the elevation of the robbery during closing argument. Under these circumstances there is at least a reasonable possibility—if not a near certainty—that the same evidence used by the jury to establish the essential elements of murder was also included among the evidence establishing an essential element of robbery as a Class A felony. The fact that more than one shot was fired does not alter this conclusion. Absent a specific instruction requiring the jury to base a Class A felony robbery conviction on a serious bodily inju-

ry other than death, there is a reasonable possibility that the jury used the same evidentiary facts to support a murder conviction and a Class A robbery conviction. Accordingly, the robbery conviction must be reduced to a Class C felony.[2]

■ The State argues that the Indiana Double Jeopardy claim should fail for a number of novel reasons, none of which have merit. First, the State contends the state constitutional argument is waived because Spears "failed to make any separate analysis based on the state constitution and failed to provide an analysis of the 'statutory elements' component in *Richardson*."[3] Spears cited the applicable provision of the Indiana Constitution—Article I, Section 14—and this Court's landmark opinion in *Richardson* interpreting that provision. Spears noted that the "actual evidence" test set forth in *Richardson* and a comparison of the statutory elements were alternative means of reviewing a state constitutional double jeopardy claim. He presented a cogent argument citing cases that have applied the "actual evidence" test. There was no need to provide any analysis of the alternative ground based on the statutes alone. Spears' dual convictions do not violate the statutory elements test, and Spears made no such claim. His contention based on the actual evidence test was argued and preserved.

■ Next, the State contends that this case should be remanded to the trial court "for the trial court's ruling on whether the two crimes are the same for double

---

2. Although the State contends that the Class A felony robbery conviction does not violate the actual evidence test, it does not dispute that, if there is a violation, the proper remedy is reduction to a Class C felony. As this Court explained in *Hampton*, robbery as a Class B felony (for the use of a deadly weapon) is not necessarily a lesser included offense of robbery as a Class A felony. 719 N.E.2d at 809 n. 1. That is true here where the instructions to the jury gave the elements of robbery as a Class C felony and further stated that the charge could be enhanced to a Class A felony if the State proved beyond a reasonable doubt that Spears caused serious bodily injury to the

victim. There was no instruction on the use of a deadly weapon, and thus reduction to a Class C felony is the proper remedy.

3. The State also contends that Spears waived this Court's review of any federal double jeopardy claim by failing to cite the applicable provision of the United States Constitution and failing to provide any authority in support. As Spears notes in his reply brief, he did not raise a federal double jeopardy claim. Thus, the State is incorrect that the claim is waived; it was never raised.

jeopardy purposes." The State contends that this "intensely factual determination" is best made by the trial court, then reviewed by this Court for an abuse of discretion. It is true that a determination of the "reasonable possibility" component of the *Richardson* test turns on an analysis of the evidence. The instructions and the arguments of counsel are also relevant to that determination. Although we have not expressly ruled on the standard of review in double jeopardy cases, we have frequently treated reasonable possibility as a matter of law for de novo review by the appellate courts. *See, e.g., Burnett v. State,* 736 N.E.2d 259, 262–63 (Ind.2000); *Cutter v. State,* 725 N.E.2d 401, 410 (Ind. 2000). The State points out that we have deferred to trial courts' findings as to the existence vel non of a "serious evidentiary dispute" for the purpose of instructions on lesser included offenses. *See Brown v. State,* 703 N.E.2d 1010, 1019 (Ind.1998). Here, we have no finding by the trial court. Even if we were to adopt a standard of review analogous to that applied to the instruction issue, de novo review is appropriate where the trial court made no finding. *Cf. id.*

■ Finally, the State argues that, should this Court find a double jeopardy violation, the proper remedy is remand for a retrial on the robbery count. The State cites no double jeopardy precedent for this result, nor do we find any. To the contrary, both before and after *Richardson,* the remedy for double jeopardy violations has routinely been to reduce or vacate one of the convictions. *Turnley v. State,* 725 N.E.2d 87, 91 (Ind.2000); *Cutter,* 725 N.E.2d at 410, *State's pet. for reh'g denied*; *Wise,* 719 N.E.2d at 1201; *Richardson,* 717 N.E.2d at 55; *Bunch v. State,* 697 N.E.2d 1255, 1257 (Ind.1998). The State was given one opportunity to try Spears on the charges it selected, the evidence it presented, and the closing argument it chose to make. It is not entitled to a second bite of the apple.

## II. Sentencing

Spears attacks the trial court's findings of aggravating and mitigating circumstances in its sentencing statement. He also contends that the aggregate sentence is manifestly unreasonable.

### A. *Sentencing Statement*

The trial court found four aggravating circumstances, no mitigating circumstances, and imposed maximum, consecutive sentences. The trial court found the following aggravating circumstances: (1) a prior history of juvenile delinquency, (2) prior attempts at rehabilitation had failed, (3) Spears' involvement with street gangs, and (4) "the facts of this particular case." The trial court further explained that the last of these was based on (1) "the degree of planning that was involved before the commission of the crime," (2) the crime being "an absolute brutal execution of Chris Beers and that it was done in connection with a Robbery," and (3) "the substantial steps [that] were taken to conceal the involvement of this crime." Spears contends that the trial court erred in finding the facts of the crime to be an aggravating circumstance and in failing to find any mitigating circumstances.

■ When a trial court relies on aggravating or mitigating circumstances to deviate from the presumptive sentence, it is required to (1) identify all of the significant mitigating and aggravating circumstances, (2) state the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) articulate the court's evaluation and balancing of the circumstances to determine if the mitigating circumstances offset the aggravating ones. *Carter v. State,* 711 N.E.2d 835, 837–38 (Ind.1999) (citing *Hammons v. State,* 493 N.E.2d 1250, 1254 (Ind.1986)). The same aggravating circumstance or circumstances may be used to both enhance a sentence and order sentences to be served consecutively. *Taylor v. State,* 710 N.E.2d 921, 925 (Ind.1999); *Brown v. State,* 698 N.E.2d 779, 781 (Ind.1998).

### 1. Improper Aggravating Circumstances

 Spears is correct that a trial court may not use a factor constituting a material element of an offense as an aggravating circumstance. *Angleton v. State*, 714 N.E.2d 156, 160 (Ind.1999). To the extent that the trial court relied on the planning in the parking lot, an essential element of the conspiracy conviction, to aggravate Spears' conspiracy sentence, it erred. However, the trial court did not err in finding that the fact that the killing occurred "in connection with a Robbery" was an aggravating circumstance. *Cf. Workman v. State*, 716 N.E.2d 445, 448–49 (Ind.1999) (enhancement of a murder sentence based in part on abuse of the corpse was proper). Spears contends that the "in connection with a Robbery" factor was the basis for the felony murder charge, but the trial court did not enter judgment of conviction as to the felony murder count. Moreover, the trial court's finding of the facts of the crime as an aggravating circumstance was also based on the fact that the killing was in the form of an "absolute brutal execution." This is a permissible aggravating circumstance. The substantial post-crime steps to conceal the crime are also matters the trial court could find to be an aggravating circumstance. Although Spears contends there is no evidence that "definitively proves" that he removed telephone wires, it was within the trial court's discretion to draw this reasonable inference based on the evidence presented at trial. *Noojin v. State*, 730 N.E.2d 672, 678–79 (Ind.2000). In sum, although some components of the nature and circumstances of the offense aggravator were improper, "[t]he remaining components of that aggravator were proper, and a single aggravating circumstance may be sufficient to enhance a sentence." *Angleton*, 714 N.E.2d at 160.

### 2. Failure to Find Mitigating Circumstances

 The finding of mitigating circumstances lies within the trial court's discretion. *Hackett v. State*, 716 N.E.2d 1273, 1277 (Ind.1999). The trial court is not obligated to find a circumstance to be mitigating merely because it is advanced by the defendant. *Id.* Rather, on appeal, a defendant must show that the proffered mitigating circumstance is both significant and clearly supported by the record. *Carter*, 711 N.E.2d at 838. If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal. *Cf. id.* ("Trial counsel did not view either factor as significant enough to warrant any mention at either sentencing hearing."); *see generally Wurster v. State*, 715 N.E.2d 341, 347–48 (Ind.1999) (a party may not assert one ground at trial and a different ground on appeal).

The only two mitigating factors raised on appeal that were also argued to be mitigating by Spears at sentencing were his youthful age—eighteen—and his expression of remorse. The trial court did not abuse its discretion in concluding that neither of these was a significant mitigating circumstance. As this Court recently observed in *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind.1999), an eighteen-year-old defendant is "beyond the age at which the law commands special treatment by virtue of youth."

Additionally, Spears stated at sentencing:

> I'd like to express how very sorry I am for the horrible crime I was involved in on the early morning of August 26th, 1998, and for the terrible loss of Christopher Beers. I would also like to say that my intentions that night was to get a fountain drink, not to rob the Convenient or to wish neither Christopher Beers nor anyone else be killed.

The trial court, who had heard all the witnesses testify at trial, was not convinced. It responded,

I'm sure that this soda fountain story is something maybe you've convinced yourself of in order to live with what you've done.... But as far as whether that story defies logic, sir, you're asking the Jury and the Court to have the logic of somebody that just flew into town on the noon balloon, and we didn't.

Although Spears expressed sympathy for the victims of his crimes, in the same breath he disclaimed responsibility despite substantial evidence to the contrary. Spears' statement is very similar to that of the defendant in *Bonds v. State*, 721 N.E.2d 1238, 1243 (Ind.1999), who apologized to the decedent's family and then said he

was just in the wrong place at the wrong time because I didn't—I didn't tell nobody; I didn't pay nobody. I was just going to talk to the guy about getting my mother's car back. I'm sorry about what all happened. I just don't know what went wrong.

We held in *Bonds* that this statement did not qualify as a significant mitigating circumstance that the trial court was required to take into account. *Id.* The same is true of Spears' equivocal apology coupled with a disclaimer of accountability for his role in the crime.

### B. *Manifestly Unreasonable*

■■■■■ As a final point, Spears contends that his maximum, consecutive sentences for murder and robbery are manifestly unreasonable. Although this Court has the constitutional authority to review and revise sentences, Ind. Const. art. VII, § 4, it will not do so unless the sentence imposed is "manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 17(B). This review is very deferential to the trial court: "[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly,

plainly, and obviously so." *Bunch v. State*, 697 N.E.2d 1255, 1258 (Ind.1998) (quoting *Prowell v. State*, 687 N.E.2d 563, 568 (Ind. 1997)); *accord Brown v. State*, 698 N.E.2d 779, 783–84 (Ind.1998).

■■■■■ Spears was eighteen at the time of the offense and his criminal record consisted of two juvenile delinquency adjudications: disorderly conduct in 1995 and misdemeanor battery in 1996. The nature of the offense—entering a convenience store to rob and kill the cashier—is severe and troubling. Although Spears points to his "lesser role in the offenses," the surveillance video and witness testimony strongly suggest that Spears was not an unwitting participant in a robbery in which Gross harbored an intent to kill unbeknownst to Spears. The trial court was within its discretion in so concluding. In cases in which a defendant had a limited role in a murder, coupled with other mitigating circumstances, this Court has, on occasion, found the maximum sentence to be manifestly unreasonable. *E.g., Baxter v. State*, 727 N.E.2d 429, 436 (Ind.2000) (noting the defendant's "limited involvement" in a murder as the one who drove a car from which another man shot the victim); *Brown v. State*, 720 N.E.2d 1157, 1160 (Ind.1999) (noting defendant's "role as a follower" of a codefendant twice his age); *Widener v. State*, 659 N.E.2d 529, 534 (Ind.1995) (observing that defendant who participated in a murder and robbery did not formulate or initiate the planned offenses). That is not the case here, however. To gain entry to the convenience store, Spears blocked the victim's view of Gross, who was carrying a gun. He stood beside Gross when the first shot was fired, and ran immediately to the store surveillance system. The maximum sentence of seventy-three years is not manifestly unreasonable for these offenses and this offender.[4]

---

4. The trial court imposed the maximum sentence of 115 years, but as explained in Part I, the Class A felony robbery conviction must be reduced to a Class C felony. There is no need to remand for resentencing where it is sufficiently clear that the trial court would impose

### Conclusion

This case is remanded to the trial court with instructions to reduce the robbery conviction to a Class C felony and impose a sentence of eight years on that count to be served consecutively with the previously imposed sentence of sixty-five years for murder.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

the maximum sentence for the Class C felony and order it served consecutively. *Cutter v. State,* 725 N.E.2d 401, 409 n. 3 (Ind.2000).