**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Appellate Clinic
Indiana University McKinney School of Law
Indianapolis, Indiana

**DRAKE T. LAND**
Certified Legal Intern

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY BARRON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1304-CR-165 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Judge
Cause No. 49G16-1209-FD-67604

**January 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Anthony Barron ("Barron") appeals his conviction, after a bench trial, for domestic battery, a Class D felony.[1]

We affirm in part, reverse in part, and remand.

## ISSUE

Whether Barron's convictions for strangulation and domestic battery violate Indiana's Double Jeopardy Clause.

## FACTS

On August 31, 2012, Barron was at home with his wife, Tiffani Garret Barron ("Tiffani") and their thirteen-month old son. Barron and Tiffani argued throughout the day. The argument became physical, and Barron grabbed Tiffani's throat with both hands and squeezed her throat, making it difficult for her to breathe. At some point, Tiffani stated that "she just kind of went limp and that is when he let go and [she] hit the floor." (Tr. 13). When Tiffani came to, she got up and ran out of the back door of the apartment. Barron ran after her, grabbed her arm, and dragged her back into the apartment. Tiffani tried to resist, but Barron dragged her back in, causing her to injure her knee. Later that evening, Barron took Tiffani to her grandmother's house, and Tiffani went to the hospital for treatment. Tiffani reported the incident to the police on September 3, 2012.

On October 3, 2012, the State charged Barron with strangulation, criminal confinement, two counts of domestic battery, and two counts of battery, all as Class D

---

[1] Ind. Code § 35-42-2-1.3(a)(1-3)(b)(2).

felonies.[2] On January 23, 2013, Barron waived his right to a trial by a jury, and the trial court held a bench trial on February 19, 2013. The trial court found Barron guilty of all counts and entered judgment of conviction. However, before scheduling the sentencing hearing, the judge noted that some of the convictions would be vacated for double jeopardy purposes. The trial court sentenced Barron on March 12, 2013. The trial court vacated the convictions for one count of domestic battery and the remaining battery counts. On the strangulation, criminal confinement, and remaining domestic battery charge, the trial court sentenced Barron to two (2) years, with one (1) year executed in community corrections work release, and one (1) year suspended to probation.

## DECISION

Barron argues that the trial court violated Indiana's Double Jeopardy Clause by convicting him of strangulation and domestic battery. Specifically, he alleges that the State used the same evidence to obtain the convictions. In the alternative, Barron claims that recognized common law principles prevented the court from entering convictions on both charges. The State contends that Barron failed to show a reasonable possibility that the trial court used the same evidence to convict him of both crimes.

Our Supreme Court established the following test for deciding double jeopardy claims:

> [T]wo or more offenses are the same offense in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

---

[2] One count of domestic battery and one count of battery were enhanced from a Class A misdemeanor to a Class D felony because of prior convictions for battery.

3

*Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphasis in original). "[U]nder the *Richardson* actual evidence test, the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or several, but not all, of the essential elements of a second offense." *Guyton v. State*, 771 N.E.2d 1141, 1142 (Ind. 2002). For a successful double jeopardy claim under the *Richardson* actual evidence test, "a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id*. at 53.

Notwithstanding the phrasing of the *Richardson* actual evidence test, "in application our Supreme Court has consistently overturned convictions [on] double jeopardy grounds where the evidentiary facts establishing *an* essential element of one offense also establish *all* of the essential elements of the second challenged offense." *Alexander v. State*, 768 N.E.2d 971, 974 (Ind. Ct. App. 2002) (emphasis in original), *trans. denied*; *see also Spears v. State*, 735 N.E.2d 1161 (Ind. 2000), *Logan v. State*, 729 N.E.2d 125 (Ind. 2000), *Hampton v. State*, 719 N.E.2d 803 (Ind. 1999) (in all cases, convictions for robbery as a Class A felony were reduced to a class C felony for double jeopardy purposes because the actual evidence of serious bodily injury for robbery satisfied all of the elements of corresponding murder charge).

On appeal, in determining the facts used by the fact-finder, it is appropriate for a reviewing court to examine the evidence presented, the charging information, arguments

4

of counsel, and any other factors that may have guided the fact-finder in making a decision. *See Goldsberry v. State*, 821 N.E.2d 447, 459 (Ind. Ct. App. 2005). We review *de novo* whether a defendant's convictions violate our double jeopardy provision. *Id*. at 458.

To convict Barron of strangulation as charged, the State was required to prove that he knowingly and in a rude, insolent, or angry manner applied pressure to the throat or neck of Tiffani in a manner that impeded her normal breathing or blood circulation. (App. 20). To convict Barron as charged of domestic battery, the State was required to prove that Barron, being Tiffani's husband, knowingly touched her in a rude, insolent, or angry manner, resulting in bodily injury, and that the battery occurred in the physical presence of a child less than sixteen (16) years of age, knowing that said child was present and might be able to see or hear the offense. (App. 22).

The evidence presented showed that Barron grabbed Tiffani's neck with both hands and squeezed, causing her difficulty in breathing. During closing argument, the prosecutor stated the following:

> We did prove that the Defendant on the date in question did grab her throat, grab her neck causing her an inability to breathe so much so that she was clawing at him trying to get him to release [his] grip so she could breathe. The criminal confinement occurred when he dragged her from outside in the driveway back into the apartment. The domestic battery occurred when he grabbed her [neck] causing the pain to her neck as he was squeezing it. In addition to her neck swelling later and furthermore the injury she sustained is as a result of being dragged back into the house.

(Tr. 46). It is clear from the charging information and the State's argument that the act of strangulation is the basis for the domestic battery charge. We acknowledge that the

5

State's closing argument raises some possibility that another act of battery, Barron's dragging Tiffani back into their apartment, could separately support the domestic battery charge. However, using that evidence as such would not alleviate double jeopardy concerns. Barron dragging Tiffani into the apartment, causing pain to her arm and injuring her knee, would fulfill one element of domestic battery, and *all* of the elements of criminal confinement. Thus, it is clear that all of Barron's convictions are not supported by separate evidence.

When two or more convictions violate double jeopardy principles, the remedy, if possible, is to reduce either conviction to a less serious form of the same offense if doing so will remove the violation. *Richardson*, 717 N.E.2d at 54. If this cannot be accomplished, one of the convictions must be vacated. *Id.* Accordingly, we reverse and remand to the trial court with instructions to vacate Barron's conviction for domestic battery, leaving his remaining convictions and sentence in place.

Affirmed in part, reversed in part, and remanded.

MATHIAS, J., and BRADFORD, J., concur.