## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 10 2018, 8:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason Humphrey,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

July 10, 2018

Court of Appeals Case No.
18A-CR-335

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge

The Honorable Marshelle Broadwell, Magistrate

Trial Court Cause No.
49G17-1710-F6-41998

**Bradford, Judge.**

# Case Summary

[1] In October of 2017, Jason Humphrey argued with his domestic partner, put his hands around her neck, and pushed her, causing her head to strike a car door. The State charged Humphrey with, and he was convicted of, Level 6 felony domestic battery and Class A misdemeanor domestic battery. Because the parties agree that Humphrey's misdemeanor conviction must be vacated, we affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

[2] A.J. and Humphrey have been romantically involved for many years and have one son together. On October 28, 2017, Humphrey was driving with A.J. as a passenger in the front seat and their son was in back. As it happened, A.J. was convinced that Humphrey was cheating on her, and, when they arrived at their Marion County home, A.J. told Humphrey that if he could cheat then she could cheat as well. Humphrey ran around to the passenger side of the vehicle, put his hands around A.J.'s neck, and pushed her head back into the car seat, causing A.J.'s head to bang against the inside of the car door. Humphrey's and A.J.'s son was still in the car.

[3] On October 30, 2017, the State charged Humphrey Level 6 felony domestic battery (committed in the presence of a child below the age of sixteen) and Class A misdemeanor domestic battery. On January 30, 2018, the trial court found Humphrey guilty as charged and sentenced him to 180 days of

incarceration with 166 suspended for felony conviction and fourteen days for the misdemeanor, to be served concurrently.

# Discussion

Humphrey argues that his convictions violate Indiana's prohibitions against double jeopardy. Whether multiple convictions violate Indiana's constitutional or common-law prohibitions against double jeopardy is a question of law that is reviewed de novo. *Goldsberry v. State*, 821 N.E.2d 447, 458 (Ind. Ct. App. 2005) (citing *Spears v. State*, 735 N.E.2d 1161, 1166 (Ind. 2000)). Two or more offenses are the "same offense" in violation of Article 1, Section 14 of the Indiana Constitution where, with respect to either the statutory elements of the challenged offense or the actual evidence used to convict, the essential elements of one offense also establish the essential elements of another offense. *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999).

Humphrey contends, and the State concedes, that the same actual evidence established the facts needed to prove Counts I and II both domestic battery offenses. While we agree with the parties that one of Humphrey's convictions must be vacated, it is on a slightly different basis. As Justice Sullivan recognized in his *Richardson* concurrence, Indiana common law prohibits "'[c]onviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished.'" *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (quoting *Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring)). Humphrey's conviction for Level 6

felony domestic battery conviction required proof of all of the elements of Class A misdemeanor domestic battery plus proof that he was over eighteen years old and the offense was committed in the presence of a child below the age of sixteen, knowing that the child was present and might be able to see and hear the offense. *See* Ind. Code §§ 35-42-2-1.3(a); -1.3(b)(2). In other words, as charged and proved in this case, the Class A misdemeanor domestic battery is a lesser-included offense of the Level 6 felony. We therefore remand with instructions to vacate Humphrey's conviction and sentence for Class A misdemeanor domestic battery. *See Richardson*, 717 N.E.2d at 55 ("Because both convictions therefore cannot stand, we vacate the conviction with the less severe penal consequences and leave standing the robbery conviction.").

[3] We reverse the judgement of the trial court in part and remand with instructions to vacate Humphrey's Class A misdemeanor domestic battery conviction.

Baker, J., and Kirsch, J., concur.