## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 25 2019, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

B.L.S.,
*Appellant-Respondent,*

v.

State of Indiana,
*Appellee-Petitioner.*

June 25, 2019

Court of Appeals Case No.
19A-JV-252

Appeal from the Marion Superior Court

The Honorable Mark Jones, Judge
The Honorable Gary Chavers, Magistrate

Trial Court Cause No.
49D15-1806-JD-656

**Bradford, Judge.**

# Case Summary

B.L.S. appeals after he was adjudicated to be a delinquent child for committing what would be Level 3 felony child molesting and Level 6 felony sexual battery if committed by an adult. B.L.S. contends that the true findings for both child molesting and sexual battery violate the prohibitions against double jeopardy. Because the evidence establishes that B.L.S. committed only one continuous act of sexual touching, we must agree. As such, we remand to the juvenile court with instructions for the court to vacate its true finding for sexual battery.

# Facts and Procedural History

In June of 2018, thirteen-year-old C.S. was a seventh grader and fourteen-year-old B.L.S. was an eighth grader at the Positive Support Academy. On June 6, 2018, C.S. went to the classroom of Rita Dewes. When C.S. arrived in Ms. Dewes's classroom, there were about four persons there, including Z.D., J.H., B.L.S., and one of B.L.S.'s friends. At some point, C.S. heard Ms. Dewes tell B.L.S. and his friend "to leave because they were playing" around. Tr. Vol. II p. 11. C.S., who was tired, "went to the back of the class and laid down" by the file cabinets. Tr. Vol. II p. 11. While lying on the floor, C.S. fell asleep on her stomach. She awoke when she felt "somebody touching" her. Tr. Vol. II p. 12. C.S. saw B.L.S. and felt his hand on her bare skin under her pants moving towards her vagina. C.S. then felt B.L.S. start "using his fingers, putting it in and out" of her vagina. Tr. Vol. II p. 13. C.S. unsuccessfully tried to remove B.L.S.'s hand before telling him to stop "one or two times." Tr. Vol. II p. 13.

Although B.L.S. initially ignored C.S.'s request that he stop, he removed his hand a short time later "when the bell rang." Tr. Vol. II p. 14. C.S. then sat up and adjusted her pants which had "come down a bit." Tr. Vol. II p. 14. Later that day, C.S. reported B.L.S.'s behavior to school authorities.

[3] Detective Nicholas Ragsdale was dispatched to the school after school authorities reported the alleged incident to the Indianapolis Metropolitan Police Department. Detective Ragsdale interviewed Z.D. and J.H., both of whom were in the classroom during the alleged incident. Z.D. indicated that she had observed B.L.S. reach "his hand down in the back of [C.S.'s] pants," heard C.S. tell B.L.S. to stop, and observed C.S. attempting to pull B.L.S.'s "hands out of the back of her pants." Tr. Vol. II p. 28. J.H. also indicated that he observed B.L.S. "touch [C.S.] sexually" and heard C.S. tell B.L.S. to stop. Tr. Vol. II p. 38.

[4] On June 7, 2018, the juvenile court approved the filing of the State's petition alleging that B.L.S. was a delinquent child for committing what would be the following crimes if committed by an adult: Level 3 felony rape, Level 3 felony child molesting, and Level 6 felony sexual battery. The juvenile court conducted a fact-finding hearing on November 8, 2018, after which it entered a "not true" finding on the rape allegation and "true" findings on the child molesting and sexual battery allegations. Appellant's App. Vol. II p. 105. Following a dispositional hearing, the juvenile court ordered that "[B.L.S.] is placed on probation with a suspended commitment to the Indiana Department of Correction." Appellant's App. Vol. II p. 165.

# Discussion and Decision

[5] On appeal, B.L.S. contends that the juvenile court's true findings for acts that would constitute both Level 3 felony child molesting and Level 6 felony sexual battery if committed by an adult violate the prohibitions against double jeopardy. Specifically, he argues that because the evidence establishes that there was only one instance of sexual touching between him and C.S., he cannot be found to have committed two separate sex-related criminal acts.

[6] The Indiana Constitution guarantees "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. Art. 1, § 14. Double jeopardy principles attach in juvenile delinquency adjudications. *D.J. v. State*, 88 N.E.3d 236, 240 (Ind. Ct. App. 2017).

> The analysis of double jeopardy claims under the Indiana Constitution is governed by *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), in which our supreme court described two tests, the statutory elements test and the actual evidence test. Two offenses are the same offense in violation of Article 1, Section 14 of our constitution if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense….
>
> Under the actual evidence test, the evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. To show that two challenged offenses constitute the same offense under the actual evidence test, a defendant must show a reasonable possibility that the evidentiary facts used by the fact[-]finder to establish the

> essential elements of one offense may also have been used to
> establish the essential elements of a second challenged offense.

*Id.* (internal citations and quotations omitted).

[7]    In *D.B. v. State*, 842 N.E.2d 399 (Ind. Ct. App. 2006), we considered whether true findings for both rape and child molesting violated the prohibitions against double jeopardy when the respondent committed only one instance of nonconsensual sexual intercourse with the victim. In finding that the true findings for both did violate the prohibitions against double jeopardy, we stated the following:

> Because the gravamen of both offenses is nonconsensual sexual intercourse, a conviction and sentence for rape and child molesting based [on] a single act has been held to violate principles of double jeopardy. As A.B. testified to only one instance of nonconsensual sexual intercourse with D.B., there is a "reasonable possibility" the juvenile court used this fact to establish the essential elements of both rape and child molesting.

842 N.E.2d at 404 (internal citations omitted).

[8]    Similar to *D.B.*, in this case, the gravamen of both offenses is a sexual touching. C.S. testified to only one instance of nonconsensual sexual touching by B.L.S. She also testified that the encounter lasted for a "short period of time." Tr. Vol. II p. 21. Z.D. and J.H., both of whom witnessed the encounter, testified to observing a single continuous sexual touching. Even the deputy prosecutor's closing argument depicts B.L.S.'s actions as a single continuous act of sexual touching:

> [C.S.] said that when she was laying on her stomach, [B.L.S.] put his hands down her pants and up into her lady parts; her vagina and he moved his hand in and out – well his finger in and out, excuse me. We heard that she said stop, that she tried to move his hand away and she was unsuccessful of doing that which establishes the element of force.

Tr. Vol. II p. 66. The evidence establishes that B.L.S. committed one continuous act of sexual touching of C.S. Given this fact, we conclude that there is a reasonable possibility that the juvenile court used this single act to establish the essential elements of both child molesting and sexual battery. *See D.B.*, 842 N.E.2d at 404. As such, the true findings for what would be both child molesting and sexual battery if committed by an adult violate the prohibitions against double jeopardy.

[9]
> When two convictions are found to contravene the double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. If it will not, one of the convictions must be vacated. The reviewing court will make this determination itself, being mindful of the penal consequences that the trial court found appropriate.

*Id.* (internal quotations omitted). In this case, the appropriate remedy is to vacate the true finding for the less serious offense, *i.e.*, sexual battery. As such, we remand the matter to the juvenile court with instructions to vacate the true finding for sexual battery. *See id.* at 407; *Spears v. State*, 735 N.E.2d 1161, 1169 (Ind. 2000) (remanding the matter to the trial court with instruction to vacate

the less serious offense following a finding that the defendant's convictions violated the prohibitions against double jeopardy).

[10] The judgment of the juvenile court is reversed in part and remanded with instructions.

Crone, J., and Tavitas, J., concur.