OPINION ON REHEARING



FILED

Nov 21 2019, 9:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Manford F. Girten Jr., *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | November 21, 2019 <br><br> Court of Appeals Case No. 18A-CR-2252 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1802-F3-4 |

**May, Judge.**

[1] We decided Girten's appeal on August 16, 2019. *Girten v. State*, No. 19A-CR-2252, slip op. (Ind. Ct. App. Aug. 16, 2019). In that decision, we reversed one conviction based on the continuous crime doctrine. *Id.* at 6. In its petition for rehearing, the State argues the continuous crime doctrine is inapplicable in this situation, and in support it cites *Hines v. State*, 30 N.E.3d 1216 (Ind. 2015).

"The continuous crime doctrine is a rule of statutory construction and common law limited to situations where a defendant has been charged multiple times with the same offense." *Id*. at 1219. Because we applied the continuous crime doctrine to Girten's convictions of rape and strangulation, the State appears correct that we improperly applied that doctrine to vacate Girten's conviction of strangulation.

[2] However, our misapplication of the continuous crime doctrine does not require us to modify the outcome of Girten's appeal because the strangulation conviction would have needed to be vacated under the actual evidence test used for Double Jeopardy analysis. In *Hines*, despite finding the continuous crime doctrine did not apply, our Indiana Supreme Court applied the actual evidence test to determine Hines' right to be free from double jeopardy was violated. *Id.* at 1225. The same reasoning applies to this case.

[3] The relevant facts were provided in the memorandum decision:

> E.A. and Girten were watching a show when Girten tried to place E.A.'s hand on his genitals. When she pulled back, Girten pinched her arm, leaving it feeling weak and tingly. Girten told E.A. he could paralyze her arm.
>
> E.A. went to the bedroom and stood at the foot of her bed. Girten came up behind her and pushed her onto the bed. Girten pulled off E.A.'s pants and underwear as she was trying to escape. As E.A. tried to crawl away, Girten flipped E.A. over onto her back. E.A. begged for Girten to stop and give back her underwear. Girten told her to "shut up." Girten told E.A. he would return her underwear if she stopped begging him to stop.

E.A. became silent, but instead of returning her underwear, Girten moved his face toward her genitals. Girten put his hand around E.A.'s throat and used his thumb to make it hard for her to breathe. When Girten let go of E.A.'s throat, he used his hand to keep E.A. from talking.

During all of this, Girten managed to undress. Girten took his penis and put the tip in her vagina and anus, alternating between them. Girten told E.A. he could use either his penis or his tongue. Girten forced E.A.'s legs apart. E.A. told Girten to stop and continued to resist. Girten put his face towards E.A.'s genitals and inserted his tongue into her vagina. E.A. continued to struggle and to beg Girten to stop. Girten then stuck his fingers in her vagina. When Girten stopped, E.A. curled into the fetal position. Girten amusingly told E.A.: "You say you don't want it, but I can tell that you're wet." E.A. told Girten she did not want it.

Girten's demeanor became angry, and he pulled E.A. across the bed, forced himself between E.A.'s legs, and inserted his penis into her vagina. At the same time, he began to interrogate E.A. about Austermann. E.A. told Girten if he did not stop she would scream. Girten stopped, and E.A. ran out of the room wrapped in a blanket.

*Girten*, slip op. at 1-2 (internal record citations omitted).

[4] Two offenses are the "same offense" in violation of Indiana's Double Jeopardy Clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Spivey v. State*, 761 N.E.2d 831, 832 (Ind. 2002). "When two convictions are

found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. If it will not, one of the convictions must be vacated." *Richardson v. State*, 717 N.E.2d 32, 54 (Ind. 1999), *holding modified by Garrett v. State*, 992 N.E.2d 710 (Ind. 2013) (modification as to cases involving hung jury or acquittal).

[5] We review *de novo* whether a defendant's convictions violate this provision. *Spears v. State*, 735 N.E.2d 1161, 1166 (Ind. 2000), *reh'g denied*. The actual evidence test requires us to "determine whether each challenged offense was established by separate and distinct facts." *Richardson*, 717 N.E.2d at 54. To determine what facts were used to convict, we consider the charging information, the final jury instructions, the evidence, and the arguments of counsel. *Davis v. State*, 770 N.E.2d 319, 324 (Ind. 2002), *reh'g denied*.

[6] The elements of Level 3 felony rape as charged against Girten are: (1) Girten; (2) knowingly or intentionally; (3) had sexual intercourse; (4) with E.A.; (5) while E.A. was compelled by force or imminent threat of force. *See* Ind. Code § 35-42-4-1(a)(1). The elements of Level 6 felony strangulation as charged against Girten are: (1) Girten; (2) in a rude, angry, or insolent manner; (3) knowingly or intentionally; (4) applied pressure to the throat or neck of E.A.; (5) and/or obstructed the nose or mouth of E.A.; (6) in a manner that impeded the normal breathing or the blood circulation of E.A. *See* Ind. Code § 35-42-2-9 (c)(1)(2).

During closing argument, when discussing the evidence as it applies to strangulation, the prosecutor explained to the jury that E.A. and Girten were in a struggle on the bed. Specifically, the State's attorney said:

> So what was going on at the time when he did this, when he put the pressure on her throat, when he covered her mouth and nose? Well, E.A. told you he was angry in the bedroom, *she was struggling with him on the bed*, and that he kept telling her to shut up.

(Tr. Vol. III at 184) (emphasis added). Later on, the State's attorney discussed the elements of rape. When discussing whether E.A. was compelled by force or imminent threat of force, the State said:

> When she was compelled by force or imminent threat of force. Well, what do we know? Well, she told you that she didn't want to do any of this. She did not consent to any of the acts in the bedroom, but this is more than just the lack of consent. You have to have more to prove force or imminent threat of force. What did she tell you? *That he held her down on the bed, that she struggled.* She tried to resist, that she tried to "clench down there" were her words so he couldn't insert his penis, couldn't do anything, that he was applying force into - on her vaginal opening and also her anal opening. And I want you to remember her demeanor when she was telling you this, when she was on the stand retelling you all about that night and what happened.

(*Id*. at 189) (emphasis added). In that part of his argument, the prosecutor used the evidence of the struggle on the bed to prove the force required for the rape. Because the strangulation occurred during that same struggle on the bed, the jury reasonably could have relied on the strangulation as evidence that E.A.

was forced to have intercourse. Therefore, Girten's simultaneous conviction of both crimes violates the actual evidence test.

[8] While the State is correct about our misapplication of the continuous crime doctrine, Girten's strangulation conviction nevertheless should have been vacated on double jeopardy grounds. We affirm our earlier opinion in all other respects.

Mathias, J., and Brown, J., concur.