## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 18 2020, 6:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joseph P. Hunter
Quirk and Hunter, P.C.
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dillon G. Jackson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 18, 2020

Court of Appeals Case No.
19A-CR-3079

Appeal from the Delaware Circuit Court

The Honorable Thomas A. Cannon, Jr., Judge

Trial Court Cause No.
18C05-1707-MR-5

**Najam, Judge.**

# Statement of the Case

[1] Dillon Jackson appeals his sentence following his convictions for reckless homicide, a Level 5 felony, and pointing a firearm, as a Level 6 felony, following a jury trial. Jackson presents two issues for our review:

> 1. Whether the trial court abused its discretion when it sentenced him.
>
> 2. Whether the trial court erred when it did not apply the sentencing cap under Indiana Code Section 35-50-1-2.

[2] We affirm.

# Facts and Procedural History

[3] In July 2017, Jackson and Tracy Wheat were best friends and roommates. During the evening of July 22 and the early morning hours of July 23, Jackson, Wheat, Jacob Knight, and Storm Rollins were drinking alcohol and smoking marijuana at Jackson and Wheat's home in Muncie. At approximately 5:00 a.m., Knight found Jackson and Wheat in the kitchen, and he saw Wheat grab a knife sharpener. In response, Jackson shot Wheat in the head from close range. Knight told Jackson to call 9-1-1, which Jackson did after some delay. Wheat was still alive when Delaware County Sheriff's Deputy Grant Delagarza arrived at the scene. EMTs transported Wheat to the local hospital, and he was placed on life support. After consulting with the doctors, Wheat's parents took him off of life support and he died.

[4] The State charged Jackson with felony murder and pointing a firearm, as a Level 6 felony. A jury found Jackson guilty of reckless homicide, a Level 5 felony, and pointing a firearm, as a Level 6 felony. The trial court entered judgment of conviction accordingly and sentenced Jackson to consecutive terms of six years for reckless homicide and two years for pointing a firearm, for an aggregate eight-year term. This appeal ensued.

# Discussion and Decision

## *Issue One: Abuse of Discretion in Sentencing*

[5] Jackson first contends that the trial court abused its discretion when it sentenced him. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[6] A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind.), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind. 2007)).

[7] In its sentencing statement, the trial court identified the following mitigators: Jackson's youth (twenty-two); he has the emotional and personal support of family and friends; he was gainfully employed; and he is remorseful. In addressing aggravating factors, the court stated in relevant part as follows:

> The sentencing range for an adult convicted of Reckless Homicide, as a Level 5 felony, is one (1) to six (6) years, with the advisory sentence being three (3) years. The sentencing range for an adult convicted of Pointing a Firearm, as a Level 6 felony, is six (6) months to two and one-half (2 1/2) years, with the advisory sentence being one (1) year.
>
> The Court determines the statutory aggravator set forth in I.C. 35-38-1-7.1(a)(1) is applicable in this case. It reads: "The harm, injury, loss, or damage suffered by the victim of an offense was (a) significant, and (b) greater than the elements necessary to prove the commission of the offense." Tracy Wheat died as a consequence of the defendant's reckless actions after lingering at death's door for many hours, hooked up to tubes and machines artificially keeping him alive, all the while suffering the indignities inherent in such a prolonged process. Tracy Wheat was nineteen (19) years old at the time of his death, preventing him from experiencing his entire adult life, which includes knowing and raising his son who was born months after his death.
>
> Apart from the listed statutory aggravating circumstance, there are several non-statutory aggravators that the Court considers to be significant.
>
> The death of Tracy Wheat was particularly devastating to the

family members, relatives, and friends he left behind. His death was senseless and tragic, leaving those that loved him understandably deeply grieving over his loss. His absence and their thoughts as to what might have been the future for and with him can never be satisfactorily remedied.

The defendant, after he shot Tracy Wheat, took steps to conceal his crime, including delaying in calling 911, calling his father, instructing others present at the scene to leave and to provide false information to the authorities if contacted, and he also provided false and misleading information during the investigation.

The defendant has significant substance abuse issues which he not only has failed to address voluntarily, but also he seems to deny. As self-reported in the presentence investigation report, the defendant began drinking alcohol and smoking marijuana at age fourteen (14); at age eighteen (18) he began snorting cocaine and hydrocodone; then, at age nineteen (19) he "experimented" with ingesting LSD/acid. His alcohol use is advanced enough that he reports experiencing hangovers and headaches, vomiting, passing out, blackouts, and engaging in morning drinking, all common symptoms of the disease of alcoholism. Incredibly, the defendant concludes that his drug abuse is "recreational use." The defendant's substance abuse was a significant aggravating factor in the crimes for which he has been convicted, yet the defendant has been unable or unwilling to recognize his problem. Available at the Delaware County Jail are addictions recovery programs, yet there is no evidence that the defendant has taken any steps to avail himself of any of these programs.

The facts of this case are particularly disturbing. In the six hours leading up to the death of Tracy Wheat, there occurred repeated acts of reckless behavior primarily orchestrated by the defendant. Five underage teenagers gathered at the defendant's residence for a night of drinking and smoking marijuana. A half-gallon of alcohol was consumed and a substantial amount of marijuana

was smoked. The defendant and one of the other partygoers fired their guns outside randomly towards a wooded area on the property. The defendant was waving his father's new gun around, and passing the gun around even though it was still loaded with one round of ammunition and ended up pointing it at Tracy Wheat. Later, the defendant took the gun, chambered the last bullet remaining in the gun, and went outside to confront the occupants of an automobile that pulled up in his driveway and after determining that they were not a threat, did not unload his gun, nor put it up. Thereafter, he had this locked and loaded weapon in his hand when it went off striking the fatal wound to Tracy Wheat's head literally at point blank range. The defendant then took various actions to cover up what had occurred as previously mentioned.

The defendant was in a position of trust with Tracy Wheat by his own description of their relationship. The evidence introduced during the trial showed that the Defendant and Tracy were not just friends, but more accurately viewed each other as brothers. The relationship that existed between these two clearly shows a position of trust between them. The Defendant's actions were a complete betrayal of the friendship that he had with Tracy. As such, it should be considered as an aggravating circumstance.

Finally, the defendant's character, at least at this point in his life, can be summed up by noting his agreement, as set out in the presentence report, with the phrase, "Do Unto Others Before They Do Unto You." From the facts and evidence involved in this case, the defendant seems to possess personality characteristics that are self-indulgent, and lacking in self-awareness and impulse control. The Court concludes that the defendant appears to be obsessed with guns and violence and until he recognizes the effect of his substance abuse issues it is likely that he continues to present a danger to others in the community.

The Court recognizes and understands the elements of Reckless

Homicide, but under the facts of this case believes the recklessness element proved at trial involves reckless conduct to the extreme.

Having considered the nature of the offenses and the character of the defendant, the Court believes the aggravating circumstances outweigh the mitigating circumstances and strongly balance in support of a fully enhanced sentence. Anything less than a fully executed sentence would diminish the unpardonable conduct of the defendant, and alternative sentencing options are simply not appropriate.

Appellant's App. Vol. 3 at 73-76.

[8] On appeal, Jackson asserts that the trial court abused its discretion when it: considered the material elements of reckless homicide as an aggravator; considered the impact of Wheat's death on his family as an aggravator; and "overlooked significant mitigating circumstances in sentencing" him. Appellant's Br. at 18. We address each contention in turn.

### *Material Elements of the Offense*

[9] Jackson's argument on this issue is three sentences long:

That "Tracy Wheat died as a consequence of [Jackson's] reckless actions" are the material elements of the offense of reckless homicide. A trial court may not use a material element of the offense as an aggravating circumstance. *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000). However, the trial court may find the nature and circumstances of the offense to be an aggravating circumstance. *Id.* (citing *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999).

Appellant's Br. at 16.

[10] Jackson takes the court's statement on this issue out of context and mischaracterizes it. The full context of the court's identification of this aggravator is as follows:

> The Court determines the statutory aggravator set forth in I.C. 35-38-1-7.1(a)(1) is applicable in this case. It reads: "The harm, injury, loss, or damage suffered by the victim of an offense was (a) significant, and (b) greater than the elements necessary to prove the commission of the offense." Tracy Wheat died as a consequence of the defendant's reckless actions after lingering at death's door for many hours, hooked up to tubes and machines artificially keeping him alive, all the while suffering the indignities inherent in such a prolonged process. Tracy Wheat was nineteen (19) years old at the time of his death, preventing him from experiencing his entire adult life, which includes knowing and raising his son who was born months after his death.

Appellant's App. Vol. 3 at 73. Thus, rather than merely relying on the elements of reckless homicide, the trial court found that Wheat's prolonged death and young life cut short were significant harms and greater than the elements necessary to prove reckless homicide. We cannot say that the court abused its discretion when it found this aggravator.

*Impact on Family*

[11] Jackson asserts that the trial court erred when it found aggravating the impact of Wheat's death on his family and friends. Jackson is correct that "under normal circumstances the impact upon family is not an aggravating

circumstance for purposes of sentencing." *Bacher v. State*, 686 N.E.2d 791, 801 (Ind. 1997). As such, we agree with Jackson that this aggravator is improper. However, it is well settled that a court's reliance on an improper aggravator is harmless unless the defendant can show that the trial court would have imposed a different sentence absent the aggravator. *See Kayser v. State*, 131 N.E.3d 717, 722 (Ind. Ct. App. 2019). And here, there were multiple other valid aggravating factors upon which the trial court relied in imposing Jackson's sentence. Thus, we are confident that the trial court would have rendered the same sentence irrespective of this aggravator.

### Overlooked Mitigator

[12] Jackson contends that the trial court erred when it did not consider his lack of criminal history to be a mitigating factor. But Jackson ignores the trial court's statement indicating its reasons for not finding this proffered mitigator. As the court found,

> [a]lthough his felony convictions in this case are his first formal charges and convictions, his lifestyle choices have included criminal activities involving underage drinking and the illegal use and possession of drugs, and therefore it is a fiction to find that the defendant has led a law-abiding life for a substantial period of time before the commission of the crime.

Appellant's App. Vol. 3 at 72. The trial court did not err when it did not find Jackson's lack of criminal history to be a mitigating factor. *See Conley v. State*, 972 N.E.2d 864, 874 (Ind. 2012) (noting defendant's lack of criminal history

was "offset by his actual criminal behavior of smoking marijuana and drinking alcohol").

### Issue Two:  Episode of Criminal Conduct

[13]     Finally, Jackson contends that, under Indiana Code Section 35-50-1-2 (2017), the trial court was required to cap his sentence at seven years.  That statute provides in relevant part as follows:

> (b) As used in this section, "episode of criminal conduct" means offenses or a connected series of offenses that are closely related in time, place, and circumstance.

> (c) [The court shall] determine whether terms of imprisonment shall be served concurrently or consecutively. . . .

> * * *

> The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time.  However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10 (before its repeal) to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the period described in subsection (d).

> (d) Except as provided in subsection (c), the total of the consecutive terms of imprisonment to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct may not exceed the following:

> * * *

> (2) If the most serious crime for which the defendant is sentenced is a Level 5 felony, the total of the consecutive terms of imprisonment may not exceed seven (7) years.

I.C. § 35-50-1-2.

[14] Jackson asserts that, pursuant to this statute, his aggregate sentence for his convictions for reckless homicide (a crime of violence) and pointing a firearm (not a crime of violence) cannot exceed seven years. But, as the State correctly points out, our Supreme Court has squarely rejected Jackson's contention on this issue. In *Ellis v. State*, the Court "interpreted the statute to *exempt* from the sentencing limitation (1) consecutive sentencing among crimes of violence, and (2) consecutive sentencing *between a crime of violence and those that are not crimes of violence*." 736 N.E.2d 731, 737 (Ind. 2000) (emphases added). Accordingly, here, the trial court's imposition of an eight-year aggregate sentence was not error.

[15] Affirmed.

Kirsch, J., and Brown, J., concur.